MARY A. POWERS, EXECUTRIX, ESTATE OF RICHARD J. POWERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5422.  Promulgated March 28, 1927.

1. The amount approved by the local probate court in Illinois as " a sum of money reasonable for the support of the widow for the period of one year after the death of the testator," is not *ipso facto* the amount deductible under section 403 (a) (1), Revenue Act of 1921; and the correct amount is determinable from the evidence.

2. The proceeds from a sale of property held jointly by decedent and another belong to both, and upon decedent's failure to account to the coowner up to the time of his death, the amount of one-half of such purchase price is deductible as a claim against the estate.

*Hugh W. McCulloch, Esq.,* for the petitioner.
*L. C. Mitchell, Esq.,* for the respondent.

Deficiency of $1,262.71 estate tax. The Commissioner reduced the amount of deduction for support of dependents from $12,000 to $9,000, and denied the deduction of a claim of $25,000 of the widow as her share of the proceeds of a sale of property formerly held jointly by her and decedent.

### FINDINGS OF FACT.

Richard J. Powers died January 20, 1924, leaving a gross estate of approximately $356,000, and petitioner is his duly appointed

executrix. During the latter years of his life decedent spent an average of more than $12,000 annually in the maintenance of his household. His dependents were his wife and unmarried daughter. He employed a maid, and a chauffeur to drive an automobile which was used exclusively for family purposes. The family lived well. The amount reasonably required and actually expended for the support of dependents during the settlement of the estate was not more than $9,000.

Prior to 1922 the decedent and his wife owned as joint tenants a piece of real estate which was sold in 1922 for $50,000. It had been purchased in 1902, and decedent furnished the money. Decedent received the entire amount of sale price and thereafter during his lifetime transferred no part thereof to his wife. After his death, the widow made claim for one-half of the sale price, $25,000.

The Probate Court of Cook County, Illinois, approved a widow's award of $12,000 and the claim of $25,000.

OPINION.

STERNHAGEN: The petitioner contests the Commissioner's reduction from $12,000 to $9,000 of the statutory deduction, under section 403 (a) (1) of " such amounts reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered." The petitioner introduced in evidence an itemized statement of the amounts included within the $12,000 deduction. The statement aggregates more than $16,000, and at the hearing it was said that some of the items were not included within the deduction in question because they had been deducted more properly as funeral expenses and expenses of administration. We have, however, examined the remaining items and find that the statement includes several items which, however deductible they may or may not be otherwise under the statute, are in our opinion not deductible as for dependents' support. They include amounts voluntarily given to a collateral relative; amounts paid for pleasure trips of the family of decedent; amounts paid as Federal income taxes; amounts paid as interest on business loans; amounts paid to attorneys during the settlement of the estate; amounts paid as dues of the decedent's social club; amounts donated to charitable institutions. Taking such items from the list leaves something less than $9,000, which is the amount allowed by the Commissioner as the proper deduction, and we are unable to say, therefore, from the evidence that the deduction should be greater than that allowed by the Commissioner.

The petitioner urges that since the amount of $12,000 was approved by the local probate court in settling the estate, as a proper amount for the widow's award, this should be determinative of her right to the same under the Federal estate tax law. The contention is untenable. The deduction in the local probate proceeding is of "a sum of money reasonable for the support of the widow for the period of one year after the death of the testator." Under the Federal statute, however, the amount must be not only reasonably required for the support but also actually expended for such support, and in no case in excess of the amount allowed by the local law. In other words, the amount allowed by the local law is a maximum and not a minimum. Here the Commissioner has determined that the amount reasonably required and actually expended is $9,000, and this amount being less than that allowed by the local law, such limitation provision of the statute is not called into consideration. We sustain the Commissioner in this issue.

The petitioner deducted as an indebtedness of the decedent $25,000. The indebtedness is proven to have arisen by reason of the fact that when the decedent sold the joint property for $50,000 he failed, and had up to the time of death failed, to account to the coowner for her share of the proceeds. The evidence is clear as to the facts upon which the claim is based. The Commissioner urges that the decedent paid certain amounts to his widow and thus wiped out the claim, but the facts as to such payments, both in point of time and character, are not sufficient to support the Commissioner's contention in this respect.

As a matter of law the petitioner's position is amply supported. Clearly the decedent had no legal right to retain the full sale price of the property held jointly by himself and another. The sale destroyed the joint tenancy and gave each a right in one-half the proceeds. In the absence of any evidence that this right had been voluntarily relinquished or otherwise destroyed, it was properly a claim against the estate when the decedent died. As such it was deductible from the gross estate. The respondent is on this issue reversed.

> *Judgment will be entered on 20 days' notice, under Rule 50.*